FILED

2011 SEP 23 PM 3: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  BENNETT J. LEE (BAR NO. 230482)
2  NICHOLAS A. MERRELL (BAR NO. 240795)
   WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
3  333 Bush Street, Suite 1500
   San Francisco, California 94104
4  Telephone:  415-623-7000
   Facsimile:  415-623-7001
5  blee@wthf.com
   nmerrell@wthf.com
6
7  Attorneys for Plaintiff
   WEBCOR CONSTRUCTION, LP

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  WEBCOR CONSTRUCTION, LP, a      Case No.   CV11 07926 CAS SSx
    California limited partnership,
13
                Plaintiff,          COMPLAINT OF WEBCOR
14                                  CONSTRUCTION, LP
         v.
15
    THE RELATED COMPANIES, LP,
16  a New York limited partnership;
    THE RELATED REALTY GROUP,
17  INC., a Delaware corporation;
    RELATED GRAND AVENUE,
18  LLC, a Delaware limited liability
    company; RELATED GRAND
19  AVENUE ASSOCIATES, LLP, a
    business entity of unknown form;
20  RELATED GRAND AVENUE
    ASSOCIATES, LLC, a business
21  entity of unknown form; GRAND
    AVENUE LA, LLC, a Delaware
22  limited liability company; GRAND
    AVENUE LA PHASE II, LLC, a
23  Delaware limited liability company;
    GRAND AVENUE LA PHASE III,
24  LLC, a Delaware limited liability
    company; and AVENUE OF THE
25  STARS ASSOCIATES, LLC, a
    Delaware limited liability company,
26
                Defendants.
27

28

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

**COMPLAINT**

Plaintiff WEBCOR CONSTRUCTION, LP ("Webcor"), by and through its counsel, and for its Complaint against Defendants The Related Companies, LP, The Related Realty Group, Inc., Related Grand Avenue, LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue LA Phase III, LLC and Avenue of the Stars Associates, LLC (collectively "Related Defendants"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists among the parties.

2.    Venue is proper in the United States District Court for the Central District of California, Western Division, because a substantial part of the acts and omissions giving rise to this lawsuit occurred in Los Angeles, California.

**PARTIES**

3.    Webcor is a limited partnership organized under the laws of the State of California and has its principal place of business in San Mateo, California.

4.    On or before December 15, 2007, and through a corporate merger, Webcor became the successor in interest to Webcor Construction, Inc. dba Webcor Builders ("Webcor Builders").

5.    At all times relevant to this Complaint, Webcor has been authorized to transact business in the State of California, and as required by law, has maintained proper licensure as with respect to all work and services alleged herein.

6.    Webcor is informed and believes, and thereupon alleges, that The Related Companies, LP is a limited partnership organized under the laws of the State of New York with a principal place of business in New York.

7.    Webcor is informed and believes, and thereupon alleges, that Related

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW

1  Grand Avenue, LLC is a limited liability corporation organized under the laws of
2  the State of Delaware with a principal place of business in New York.

3         8.     Webcor is informed and believes, and thereupon alleges, that Related
4  Grand Avenue Associates, LLC is a business entity of unknown form with a
5  principal place of business in New York.

6         9.     Webcor is informed and believes, and thereupon alleges, that Related
7  Grand Avenue Associates, LLP is a business entity of unknown form with a
8  principal place of business in New York.

9         10.    Webcor is informed and believes, and thereupon alleges, that Grand
10 Avenue LA Phase II, LLC is a limited liability corporation organized under the
11 laws of the State of Delaware with a principal place of business in New York.

12        11.    Webcor is informed and believes, and thereupon alleges, that Grand
13 Avenue LA Phase III, LLC is a limited liability corporation organized under the
14 laws of the State of Delaware with a principal place of business in New York.

15        12.    Webcor is informed and believes, and thereupon alleges, that Avenue
16 of the Stars Associates, LLC is a limited liability corporation organized under the
17 laws of the State of Delaware with a principal place of business in New York.

18        13.    Webcor is informed and believes, and thereupon alleges, that The
19 Related Realty Companies, LP is a member of Related Grand Avenue, LLC,
20 Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LLP,
21 Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue LA
22 Phase III, LLC and Avenue of the Stars Associates, LLC.

23        14.    Webcor is informed and believes, and thereupon alleges, that The
24 Related Realty Group, Inc. is the general partner of The Related Companies, LP.

25        15.    Webcor is informed and believes, and thereupon alleges, that The
26 Related Realty Group, Inc. is a corporation organized under the laws of the State of
27 Delaware with a principal place of business in New York.

28 ///

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

COMPLAINT OF WEBCOR CONSTRUCTION, LP

# FACTUAL BACKGROUND

**A.    The Grand Avenue Project**

16.    On or about December 17, 2007, Webcor and the Related Defendants entered into a written agreement for Pre-Construction and Construction Services and Abatement & Associated Activities ("Grand Avenue Contract") in connection with the Grand Avenue Phase One project in Los Angeles, California ("Grand Avenue Project").

17.    A true and correct copy of the Grand Avenue Contract is attached hereto as Exhibit "A," and is hereby incorporated by reference as if set forth in full herein.

18.    In the first paragraph of the Grand Avenue Contract, "Owner" is defined as Related Grand Avenue Associates, LLP.

19.    The signature block of the Grand Avenue Contract was signed by Webcor and Related Grand Avenue Associates, LLC.

20.    Exhibit C to the Grand Avenue Contract, which was incorporated by reference as if set forth in full therein, describes an agreement between Webcor and The Related Companies, LP.

21.    The Grand Avenue Project was to be performed in accordance with a written scope of work and pursuant to hourly rates, which are attached as exhibits to the Grand Avenue Contract.

22.    Throughout the course of performance of the Grand Avenue Contract, Webcor properly and timely submitted invoices to the Related Defendants for payment.

23.    Despite Webcor's compliance with the terms and conditions of the Grand Avenue Contract, including submitting invoices in accordance with the Contract, the Related Defendants have failed to pay monies due and owing to Webcor, including compensation due and owing for progress payments, change orders and/or final retention payments.

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

24. Although Webcor properly invoiced approximately $2.9 million in connection with its performance of services under the Grand Avenue Contract, the Related Defendants have paid Webcor only approximately $1 million, leaving a principal balance due in the amount of approximately $1.9 million, not including interest, prompt payment penalties or attorneys' fees.

25. Webcor has satisfied all conditions precedent to bringing the causes of action contained herein against the Related Defendants.

**B.    The Avenue of the Stars Project**

26. On or about November 16, 2006, Webcor Builders entered into a General Contracting Agreement with Avenue of the Stars Associates, LLC ("Avenue of the Stars Contract") whereby Webcor Builders agreed to serve as general contractor for the demolition of a 30-story building at 2055 Avenue of the Stars, Century City, California and erect a new 40-story condominium tower ("Avenue of the Stars Project") in exchange for compensation as provided pursuant to the Avenue of the Stars Contract.

27. A true and correct copy of the Avenue of the Stars Contract is attached hereto as Exhibit "B," and is hereby incorporated by reference as if set forth in full herein.

28. Webcor assumed all rights and obligations under the Avenue of the Stars Contract pursuant to its role as successor in interest to Webcor Builders.

29. During the course of Webcor's performance of the Avenue of the Stars Contract, contractual disputes arose between the parties.

30. On or about March 25, 2010, desiring to close out the Avenue of the Stars Project and avoid litigation, Webcor and Avenue of the Stars Associates, LLC entered into a partial settlement agreement with respect to the Avenue of the Stars Contract ("Partial Settlement Agreement").

31. A true and correct copy of the Partial Settlement Agreement is attached hereto as Exhibit "C," and is hereby incorporated by reference as if set

COMPLAINT OF WEBCOR CONSTRUCTION, LP

forth in full herein.

32.    Webcor performed all of the terms and conditions of the Partial Settlement Agreement, to the extent not otherwise excused.

33.    Despite Webcor's compliance with the Partial Settlement Agreement, Avenue of the Stars Associates, LLC has breached the Partial Settlement Agreement by failing to pay approximately $884,000 due and owing pursuant to the Partial Settlement Agreement, not including interest, prompt payment penalties or attorneys' fees.

## C.    Promoter Liability of The Related Companies, LP

34.    Upon current information, Related Grand Avenue Associates, LLP and Related Grand Avenue Associates, LLC are business entities of unknown form.

35.    Upon information and belief, articles of incorporation have not been filed with the California Secretary of State with respect to Related Grand Avenue Associates, LLP or Related Grand Avenue Associates, LLC.

36.    Related Grand Avenue Associates, LLP and Related Grand Avenue Associates, LLC, or both, purported to enter into the Grand Avenue Contract with Webcor despite their failure to file articles of incorporation with the California Secretary of State.

37.    Upon information and belief, during all times pertinent to this lawsuit, The Related Companies, LP acted as the promoter of Related Grand Avenue Associates, LLP and Related Grand Avenue Associates, LLC with respect to their dealings with Webcor.

38.    The Related Companies, LP is therefore liable as the promoter of Related Grand Avenue Associates, LLP and Related Grand Avenue Associates, LLC with respect to the dealings between Webcor, on the one hand, and Related Grand Avenue Associates, LLP and Related Grand Avenue Associates, LLC, on the other hand.

///

**D.    The Related Realty Group, Inc.'s Liability as General Partner**

39.    Pursuant to the law of partnership liability, as the general partner of The Related Companies, LP, The Related Realty Group, Inc. is personally liable for The Related Companies, LP's  contractual and statutory liabilities to Webcor as set forth herein.

**E.    The Related Defendants' Alter Ego Liability**

40.    Webcor is informed and believes, and on that basis alleges, that each of the Related Defendants was the agent and employee of every other Related Defendant and performed the acts and omissions complained of herein in the course and scope of such agency and employment.

41.    Webcor is informed and believes, and on that basis alleges, that each of the Related Defendants is the corporate alter ego of each of the other Related Defendants, and that the Related Defendants have been conducted, managed and controlled as though these entities were but a single enterprise.

42.    The Related Defendants have used or acted through one or more of the Related Defendants for the purpose of defrauding Webcor.

43.    Webcor is informed and believes, and on that basis alleges, that the Related Defendants have common employees, owners, partners, directors, officers and shareholders.

44.    Webcor is informed and believes, and on that basis alleges, that the Related Defendants operated, and continue to operate, from the same business location at 60 Columbus Circle, New York, New York, and are and were involved in similar and/or functionally reciprocal business activities, namely marketing, procuring, developing and owning real estate.

45.    Webcor is informed and believes, and on that basis alleges, that Related Grand Avenue, LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue LA Phase III, LLC and Avenue of the Stars Associates,

1    LLC do not have sufficient assets and are, in fact, undercapitalized.

2        46.    Webcor is informed and believes, and on that basis alleges, that all of

3    the Related Defendants have guaranteed the obligations of Related Grand Avenue,

4    LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates,

5    LLP and Avenue of the Stars Associates, LLC.

6        47.    Webcor is informed and believes, and on that basis alleges, that

7    Related Grand Avenue Associates, LLC and Related Grand Avenue Associates,

8    LLP failed to observe corporate formalities, including without limitation the failure

9    to file articles of incorporation with the California Secretary of State.

10        48.    Webcor is informed and believes, and on that basis alleges, that the

11    Related Defendants acted as a single enterprise and benefited jointly from the

12    transactions entered into by each of the other.

13        49.    Adherence to the fiction of the separate existence of the Related

14    Defendants as separate and distinct entities would permit an abuse of the corporate

15    and limited liability company privileges and would sanction fraud and promote

16    injustice.

17        50.    As a direct result of the Related Defendants' failure to obey proper

18    corporate formalities, Webcor is entitled to a determination that the entities known

19    herein as Related Defendants should be disregarded, and that all of the Related

20    Defendants should be jointly and severally liable to Webcor for the debts of Related

21    Grand Avenue, LLC, Related Grand Avenue Associates, LLC, Related Grand

22    Avenue Associates, LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II,

23    LLC, Grand Avenue LA Phase III, LLC and Avenue of the Stars Associates, LLC.

24        51.    An inequitable result will occur if the corporate veil is not pierced, and

25    the Related Defendants are not required to pay the debts of Related Grand Avenue,

26    LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates,

27    LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue

28    LA Phase III, LLC and Avenue of the Stars Associates, LLC.

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

COMPLAINT OF WEBCOR CONSTRUCTION, LP

## **FIRST CAUSE OF ACTION**

### **(Breach of Grand Avenue Contract – Against the Related Defendants)**

52.     Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

53.     The Grand Avenue Contract, entered into between Webcor, on the one hand, and Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LP and The Related Companies, LP, on the other hand, and including any legally valid and enforceable amendments thereto, is a legal and binding contract.

54.     The Related Companies, LP is a party to the Grand Avenue Contract pursuant to its inclusion as an "Owner" in Exhibit "C" to the Grand Avenue Contract.

55.     Even if The Related Companies, LP is not found to be a party to the Grand Avenue Contract pursuant to its inclusion as an "Owner" in Exhibit "C" to the Grand Avenue Contract, The Related Companies, LP is still contractually liable as the promoter of Related Grand Avenue Associates, LLC and Related Grand Avenue Associates, LP, both of which purported to enter into the Grand Avenue Contract, where neither of them filed articles of incorporation with the California Secretary of State.

56.     Webcor has performed all, or substantially all, of the contract obligations imposed on Webcor through the Grand Avenue Contract and any legally valid and enforceable amendments thereto, to the extent not excused from its contract obligations incurred thereby.

57.     All the contract conditions required by the Grand Avenue Contract, and any legally valid and enforceable amendments thereto, for the Related Defendants' performance thereunder have occurred.

58.     Pursuant to the Grand Avenue Contract, the Related Defendants had contractual obligations and duties to, *inter alia*:

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

>     (a)    pay Webcor pursuant to the fee schedule incorporated by reference in the Grand Avenue Contract;
>
>     (b)    make payments to Webcor for work performed on the Grand Avenue Contract without regard to disputes on other contracts, such as the Avenue of the Stars Contract;
>
>     (c)    comply with the implied covenant of good faith and fair dealing in the Grand Avenue Contract; and
>
>     (d)    otherwise comply with the terms and conditions of the Grand Avenue Contract.

59.    The Related Defendants materially breached the Grand Avenue Contract when they, *inter alia*:

>     (a)    failed to pay Webcor for labor and materials provided pursuant to the Grand Avenue Contract;
>
>     (b)    wrongfully refused to pay Webcor for labor and materials due and owing pursuant to the Grand Avenue Contract because of disputes on the Avenue of the Stars Contract;
>
>     (c)    violated the implied covenant of good faith and fair dealing in the Grand Avenue Contract; and
>
>     (d)    otherwise failed to comply with the terms and conditions of the Grand Avenue Contract.

60.    The Related Defendants' material breaches of the Grand Avenue Contract were a substantial factor in causing harm to Webcor.

61.    As a direct and proximate result of the Related Defendants' material breaches of the Grand Avenue Contract, Webcor has sustained, and will continue to sustain, damages in an amount to be more particularly proven at trial, and in excess of $75,000.

WHEREFORE, Webcor prays for relief as hereinafter set forth.

///

## SECOND CAUSE OF ACTION

### (For Quantum Meruit/Unjust Enrichment / Grand Avenue Project – 

### Against the Related Defendants)

62.     Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

63.     The reasonable value of said work, labor, and services that were rendered and performed, and of such goods and materials that were furnished, delivered and/or installed at the request of the Related Defendants in connection with the Grand Avenue Project substantially exceeds the payments made to Webcor by the Related Defendants.

64.     Webcor provided the aforementioned labor and materials in good faith with the expectation that it would be compensated for their reasonable value.

65.     The Related Defendants accepted the labor and materials furnished by Webcor on the Grand Avenue Project.

66.     The Related Defendants wrongfully withheld the compensation claimed in invoices submitted by Webcor to the Related Defendants for work, labor, and services that were rendered and performed, and of such goods and materials that were furnished for the benefit of the Grand Avenue Project.

67.     Webcor has been damaged due to nonpayment in connection with the Grand Avenue Project, and the Related Defendants have been unjustly enriched thereby, in an amount to be determined according to proof at trial.

68.     Webcor is entitled to recover against the Related Defendants the reasonable value of the work, labor, services, goods and materials provided by Webcor to the Related Defendants on the Grand Avenue Project.

69.     As a direct and proximate result of the acts and omissions identified herein, Webcor has sustained, and will continue to sustain, damages in an amount to be more particularly proven at trial, and in excess of $75,000.

WHEREFORE, Webcor prays for relief as hereinafter set forth.

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P. ATTORNEYS AT LAW

- 11 -

## THIRD CAUSE OF ACTION

### (Promissory Estoppel / Grand Avenue Project –

### Against the Related Defendants)

70.    Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

71.    The Related Defendants, and each of them, promised to compensate Webcor for labor and materials furnished on the Grand Avenue Project pursuant to the rates set forth in the Grand Avenue Contract and otherwise based on the reasonable value of labor and materials furnished.

72.    The Related Defendants made these promises to Webcor in order to induce Webcor to provide labor and materials in connection with the Grand Avenue Project.

73.    Webcor relied upon the Related Defendants' promises by furnishing labor and materials in connection with the Grand Avenue Project, for which the Related Defendants have refused to pay, in breach of their promise.

74.    As a direct result of the Related Defendants' failure to perform their promise and make payment to Webcor for its services, Webcor has sustained a substantial detriment and damages in an amount to be proven at trial, and in excess of $75,000.

WHEREFORE, Webcor prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Prompt Payment Penalties / Grand Avenue Project –

### Against the Related Defendants)

75.    Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

76.    Pursuant to California Civil Code Section 3260.1, the Related Defendants had a duty to pay Webcor any progress payment within 30 days of receipt of a written demand for payment on the Grand Avenue Project.

- 12 -

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

77.    Pursuant to California Civil Code Section 3260, the Related Defendants had a duty to pay Webcor any final retention payment within 45 days after completion of the Grand Avenue Project work.

78.    Pursuant to the Grand Avenue Contract, Webcor properly invoiced the Related Defendants for said work, labor, and services that were rendered and performed, and of such goods and materials that were furnished, delivered and/or installed at the request of the Related Defendants in connection with the Grand Avenue Project

79.    The Related Defendants wrongfully failed to pay several of Webcor's invoices on the Grand Avenue Project, which remain due and owing.

80.    The Related Defendants wrongfully failed to notify Webcor of the nature or detail of the Related Defendants' alleged dispute over payment of these invoices.

81.    To the extent the Related Defendants did notify Webcor of the nature or detail of the Related Defendants' alleged dispute over payment of Webcor's invoices on the Grand Avenue Project, the justification for the Related Defendants' refusal to pay Webcor's invoices lacked good faith.

82.    The Related Defendants violated California Civil Code Sections 3260 and 3260.1 by wrongfully failing to pay Webcor compensation due and owing pursuant to the Grand Avenue Contract without a good faith dispute.

83.    Webcor is therefore entitled to reasonable attorneys' fees and costs, and prompt payment penalties at the statutory monthly rate of 2% until paid in full.

84.    As a direct and proximate result of the Related Defendants' violation of California Civil Code Sections 3260 and 3260.1, Webcor has sustained, and will continue to sustain, damages in an amount to be more particularly proven at trial, and in excess of $75,000.

WHEREFORE, Webcor prays for relief as hereinafter set forth.

///

# FIFTH CAUSE OF ACTION

## (Breach of Partial Settlement Agreement / Avenue of the Stars Project - Against the Related Defendants)

85.    Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

86.    The Partial Settlement Agreement between Webcor and Avenue of the Stars Associates, LLC is a legal and binding contract.

87.    Webcor has performed all, or substantially all, of the contract obligations imposed on Webcor through the Partial Settlement Agreement to the extent not excused from its contract obligations incurred thereby.

88.    All the contract conditions required by the Partial Settlement Agreement for the Related Defendants' performance thereunder have occurred.

89.    Pursuant to the Partial Settlement Agreement, the Related Defendants had a contractual obligation and duty to, *inter alia*:

    (a)    pay Webcor pursuant to the payment schedule set forth therein;

    (b)    defend, indemnify and hold Webcor harmless against any and all claims for compensation brought by any subcontractor on the Avenue of the Stars Project, subject to exceptions as provided therein;

    (c)    comply with the implied covenant of good faith and fair dealing in the Partial Settlement Agreement; and

    (d)    otherwise comply with the terms and conditions of the Partial Settlement Agreement.

90.    The Related Defendants materially breached the Partial Settlement Agreement when they failed to, *inter alia*:

    (a)    pay Webcor pursuant to the payment schedule set forth therein;

    (b)    defend, indemnify and hold Webcor harmless against any and all claims for compensation brought by any subcontractor on the

- 14 -

Avenue of the Stars Project, subject to exceptions as provided therein;

    (c)    violated the implied covenant of good faith and fair dealing in the Partial Settlement Agreement; and

    (d)    otherwise comply with the terms and conditions of the Partial Settlement Agreement.

91.    The Related Defendants' material breaches of the Partial Settlement Agreement were a substantial factor in causing harm to Webcor.

92.    As a direct and proximate result of the Related Defendants' material breaches of the Partial Settlement Agreement, Webcor has sustained, and will continue to sustain, damages in an amount to be more particularly proven at trial, and in excess of $75,000.

WHEREFORE, Webcor prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Breach of Avenue of the Stars Contract – Against the Related Defendants)**

93.    Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

94.    The Avenue of the Stars Contract, entered into between Webcor and Avenue of the Stars Associates, LLC, and including any legally valid and enforceable amendments thereto, is a legal and binding contract.

95.    Webcor has performed all, or substantially all, of the contract obligations imposed on Webcor through the Avenue of the Stars Contract and any legally valid and enforceable amendments thereto, to the extent not excused from its contract obligations incurred thereby.

96.    All the contract conditions required by the Avenue of the Stars Contract, and any legally valid and enforceable amendments thereto, for the Related Defendants' performance thereunder have occurred.

97.    Pursuant to the Avenue of the Stars Contract, the Related Defendants

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

COMPLAINT OF WEBCOR CONSTRUCTION, LP

had contractual obligations and duties to, *inter alia*:

    (a)    pay Webcor compensation in accordance with the terms and conditions of the Avenue of the Stars Contract;

    (b)    comply with the implied covenant of good faith and fair dealing in the Avenue of the Stars Contract; and

    (c)    otherwise comply with the terms and conditions of the Avenue of the Stars Contract.

98.    The Related Defendants materially breached the Avenue of the Stars Contract when they, *inter alia*:

    (a)    failed to pay Webcor compensation due and owing in accordance with the terms and conditions of the Avenue of the Stars Contract;

    (b)    violated the implied covenant of good faith and fair dealing in the Avenue of the Stars Contract; and

    (c)    otherwise failed to comply with the terms and conditions of the Avenue of the Stars Contract.

99.    The Related Defendants' material breaches of the Avenue of the Stars Contract were a substantial factor in causing harm to Webcor.

100.    As a direct and proximate result of the Related Defendants' material breaches of the Avenue of the Stars Contract, Webcor has sustained, and will continue to sustain, damages in an amount to be more particularly proven at trial, and in excess of $75,000.

WHEREFORE, Webcor prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Violation of Prompt Payment Penalties / Avenue of the Stars Project – Against the Related Defendants)

101.    Webcor incorporates by reference all of the above paragraphs as if each were fully alleged herein.

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

102.    Pursuant to California Civil Code Section 3260.1, the Related Defendants had a duty to pay Webcor any progress payment within 30 days of receipt of a written demand for payment on the Avenue of the Stars Project.

103.    Pursuant to California Civil Code Section 3260, the Related Defendants had a duty to pay Webcor any final retention payment within 45 days after completion of the Avenue of the Stars Project.

104.    Pursuant to the Avenue of the Stars Contract, Webcor properly invoiced the Related Defendants for said work, labor, and services that were rendered and performed, and of such goods and materials that were furnished, delivered and/or installed at the request of the Related Defendants in connection with the Avenue of the Stars Project.

105.    The Related Defendants wrongfully failed to pay several of Webcor's invoices on the Avenue of the Stars Project, which remain due and owing.

106.    The Related Defendants wrongfully failed to notify Webcor of the nature or detail of the Related Defendants' alleged dispute over payment of these invoices.

107.    To the extent the Related Defendants did notify Webcor of the nature or detail of the Related Defendants' alleged dispute over payment of Webcor's invoices on the Avenue of the Stars Project, the justification for the Related Defendants' refusal to pay Webcor's invoices lacked good faith.

108.    The Related Defendants violated California Civil Code Sections 3260 and 3260.1 by wrongfully failing to pay Webcor compensation due and owing pursuant to the Avenue of the Stars Contract without a good faith dispute.

109.    Webcor is therefore entitled to reasonable attorneys' fees and costs, and prompt payment penalties at the statutory monthly rate of 2% until paid in full.

110.    As a direct and proximate result of the Related Defendants' violation of California Civil Code Sections 3260 and 3260.1, Webcor has sustained, and will continue to sustain, damages in an amount to be more particularly proven at trial,

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

- 17 -

COMPLAINT OF WEBCOR CONSTRUCTION, LP

1   and in excess of $75,000.

2          WHEREFORE, Webcor prays for relief as hereinafter set forth.

3                        **Prayer for Relief**

4   **As to the First Cause of Action:**

5          1.      For compensatory damages, general and special, in an amount
6   according to proof at trial;

7          2.      For interest at the legal rate as permitted by law; and

8          3.      For such other and further relief as the court may deem proper.

9   **As to the Second Cause of Action:**

10         1.      For damages equal to the fair and reasonable value of work, labor and
11                 services rendered and performed by Webcor, the value of which is to
12                 be determined according to proof at trial;

13         2.      For interest at the legal rate as permitted by law; and

14         3.      For such other and further relief as the court may deem proper.

15  **As to the Third Cause of Action:**

16         1.      For compensatory damages, general and special, in an amount
17  according to proof at trial;

18         2.      For interest at the legal rate as permitted by law; and

19         3.      For such other and further relief as the court may deem proper.

20  **As to the Fourth Cause of Action:**

21         1.      For prompt payment penalties as provided by statute;

22         2.      For attorneys' fees and costs; and

23         3.      For such other and further relief as the court may deem proper.

24  **As to the Fifth Cause of Action:**

25         1.      For compensatory damages, general and special, in an amount
26  according to proof at trial;

27         2.      For interest at the legal rate as permitted by law; and

28         3.      For such other and further relief as the court may deem proper.

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

COMPLAINT OF WEBCOR CONSTRUCTION, LP

**As to the Sixth Cause of Action:**

1.  For compensatory damages, general and special, in an amount according to proof at trial;

2.  For interest at the legal rate as permitted by law;

3.  For attorneys' fees and costs; and

4.  For such other and further relief as the court may deem proper.

**As to the Seventh Cause of Action:**

1.  For prompt payment penalties as provided by statute;

2.  For attorneys' fees and costs; and

3.  For such other and further relief as the court may deem proper.

Dated:       September 23, 2011       **WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**

By: _____
Bennett J. Lee
Nicholas A. Merrell
Attorneys for Plaintiff
WEBCOR CONSTRUCTION, LP

COMPLAINT OF WEBCOR CONSTRUCTION, LP

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Webcor Construction, LP | The Related Companies, LP, The Related Realty Group, Inc., Related Grand Avenue, LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue LA Phase III, LLC and Avenue of the Stars Associates, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Watt, Tieder, Hoffar & Fitzgerald, LLP<br>333 Bush Street, Suite 1500<br>San Francisco, CA 94104 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 2,784,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Breach of construction agreements by related developer entities on two Los Angeles construction projects.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: _____

## CV11  07926

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo County, California |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): *[signature]*    Date    9-23-11

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Webcor Construction, LP **A** *CALIFORNIA Limited PARTnERSHIP* | ) |
| *Plaintiff* | ) |
| v. | ) |
| The Related Companies, LP, The Related Realty Group, Inc., Related Grand Avenue, LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue LA Phase III, LLC and Avenue of the Stars Associates, LLC | ) |
| *SEE Attachment* *Defendant* | ) |

**CV11    07926 CAS**    **SSx**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Related Companies, LP, The Related Realty Group, Inc., Related Grand Avenue, LLC, Related Grand Avenue Associates, LLC, Related Grand Avenue Associates, LLP, Grand Avenue LA, LLC, Grand Avenue LA Phase II, LLC, Grand Avenue LA Phase III, LLC and Avenue of the Stars Associates, LLC

Address: 60 Columbus Circle, New York, New York, 10023

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

SEP 2 3 2011

**CHRISTOPHER POWERS**

Date: _____

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 7926 CAS (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY